IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

*FILED IN OPEN COURT*
*AUG 25 2025*
*CHRISTOPHER EKMAN*
*CLERK*

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                         ) | CRIMINAL NO. 25-00072-TFM-2 |
| ) | |
| DEMETRIUS DWAYNE POWELL, ) | |
|   aka MEECHIE           ) | |

## PLEA AGREEMENT

The defendant, **DEMETRIUS DWAYNE POWELL**, represented by his counsel, and the United States of America have reached a plea agreement in this case, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the terms and conditions of which are as follows:

### RIGHTS OF THE DEFENDANT

1. The defendant understands his rights as follows:

    a. To be represented by an attorney;

    b. To plead not guilty;

    c. To have a trial by an impartial jury;

    d. To confront and cross-examine witnesses and to call witnesses and produce other evidence in his defense; and

    e. To not be compelled to incriminate himself.

### WAIVER OF RIGHTS AND PLEA OF GUILTY

2. The defendant waives rights b through e, listed above, and pleads guilty to Counts One and Six of the Superseding Indictment, charging violations of Title 21, United States Code, Section 846, Conspiracy to Possess with Intent to Distribute Methamphetamine (Actual), and Title 18, United States Code,

1

       Section 924(c)(1)(A)(i), Possession of a Firearm in Furtherance of a Drug Trafficking Crime.

3. The defendant understands that the statements he makes under oath in the plea of guilty must be completely truthful and that he can be prosecuted for making false statements or perjury, or receive a perjury enhancement at sentencing, for any false statements he makes intentionally in this plea of guilty.

4. The defendant expects the Court to rely upon his statements here and his response to any questions that he may be asked during the guilty plea hearing.

5. The defendant is not under the influence of alcohol, drugs, or narcotics. He is certain that he is in full possession of his senses and is mentally competent to understand this Plea Agreement and the guilty plea hearing that will follow.

6. The defendant has had the benefit of legal counsel in negotiating this Plea Agreement. He has discussed the facts of the case with his attorney, and his attorney has explained to the defendant the essential legal elements of the criminal charges that have been brought against him. The defendant's attorney has also explained to the defendant his understanding of the United States' evidence and the law as it relates to the facts of his offenses.

7. The defendant understands that the United States has the burden of proving each of the legal elements of the criminal charges beyond a reasonable doubt. The defendant and his counsel have discussed possible defenses to the charges. The defendant believes that his attorney has represented him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice of his attorney.

2

8. A separate document, entitled Factual Resume, will be submitted to the Court as evidence at the guilty plea hearing. The Factual Resume is incorporated by reference into this Plea Agreement. The defendant and the United States agree that the Factual Resume is true and correct. Alterations to the Plea Agreement or Factual Resume initialed only by the defendant and his counsel are not part of this agreement and are not agreed to by the United States.

9. This plea of guilty is freely and voluntarily made and is not the result of force, threats, promises, or representations, apart from those representations set forth in this Plea Agreement. There have been no promises from anyone as to the particular sentence that the Court will impose. The defendant is pleading guilty because he is guilty.

10. The defendant also knowingly and voluntarily waives all rights, whether asserted directly or through a representative, to receive from the United States after sentencing any further records, reports, or documents pertaining to the investigation or prosecution of this matter. This waiver includes, but is not limited to, rights under the Freedom of Information Act and the Privacy Act of 1974.

## **PENALTY**

11. The maximum penalty the Court could impose as to Count One of the Superseding Indictment is:

    a. Life imprisonment, with a mandatory minimum term of fifteen (15) years imprisonment;

    b. A fine not to exceed $20,000,000;

3

      c.    A term of supervised release of life, with a mandatory minimum supervised release term of ten (10) years, which would follow any term of imprisonment. If the defendant violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

      d.    A mandatory special assessment of $100.00; and

      e.    Such restitution as may be ordered by the Court.

12.    The maximum penalty the Court could impose as to Count Six of the Superseding Indictment is:

      a.    Life imprisonment, with a mandatory minimum consecutive term of five (5) years imprisonment;

      b.    A fine not to exceed $250,000;

      c.    A term of supervised release of five (5) years, which would follow any term of imprisonment. If the defendant violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

      d.    A mandatory special assessment of $100.00; and

      e.    Such restitution as may be ordered by the Court.

## **SENTENCING**

13.    The Court will impose the sentence in this case. The United States Sentencing Guidelines are advisory and do not bind the Court. The defendant has reviewed the application of the Guidelines with his attorney and understands that no one can predict with certainty what the sentencing range will be in this case until after a pre-sentence investigation has been completed and the Court has ruled on the results of that investigation. The defendant understands that at sentencing, the Court may not

necessarily sentence the defendant in accordance with the Guidelines. The defendant understands that he will not be allowed to withdraw his guilty plea if the advisory guideline range is higher than expected, or if the Court departs or varies from the advisory guideline range.

14. The defendant understands that this Plea Agreement does not create any right to be sentenced in accordance with the Sentencing Guidelines, or below or within any particular guideline range, and fully understands that determination of the sentencing range or guideline level, or the actual sentence imposed, is solely the discretion of the Court.

15. The United States will provide all relevant sentencing information to the Probation Office for purposes of the pre-sentence investigation. Relevant sentencing information includes, but is not limited to, all facts and circumstances of this case and information concerning the defendant's conduct and background.

16. Both the defendant and the United States are free to allocute fully at the time of sentencing.

17. The defendant agrees to tender $200.00 to the U.S. District Court Clerk in satisfaction of the mandatory special assessment in this case. The United States reserves the right to withdraw any favorable recommendations it may agree to within this document if the defendant fails to pay the special assessment prior to or at the time of his sentencing.

## RESTITUTION

18. Pursuant to 18 U.S.C. §§ 3556 and 3663A, restitution is mandatory. The defendant agrees to make full restitution in an amount to be determined by the Court at

sentencing and as to all relevant conduct regardless of whether it relates to the count of conviction.

## FORFEITURE

19. The defendant agrees to forfeit to the United States any right, title, and interest in all assets subject to forfeiture under the notice of forfeiture contained in the charging document, including property specified in any bill of particulars and property previously seized by the government for administrative, civil, or criminal forfeiture. The defendant further consents to the filing of a motion for a preliminary order forfeiting such property and any dollar amount specified in the notice of forfeiture or bill of particulars, and the defendant confesses the requisite nexus between the property and the charge of the conviction. The defendant hereby withdraws any petition for remission or claim for such property and further waives any right to contest or appeal the government's forfeiture proceedings for any reason, including on grounds that the forfeiture constitutes an unconstitutionally excessive fine or punishment, and in any manner, including by claim, petition, appeal or collateral attack.

## FINANCIAL OBLIGATIONS

20. The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant

exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.

## UNITED STATES OBLIGATIONS

21. The United States will not bring any additional charges against the defendant related to the facts underlying the Superseding Indictment and will move to dismiss any remaining charges against the defendant once sentence is imposed in this case. This agreement is limited to the United States Attorney's Office for the Southern District of Alabama and does not bind any other federal, state, or local prosecuting authorities.

22. The United States will recommend to the Court that the defendant be sentenced at the low end of the advisory sentencing guideline range as determined by the Court.

## LIMITED WAIVER OF RIGHT TO APPEAL AND WAIVER OF COLLATERAL ATTACK

23. As part of the bargained-for exchange represented in this plea agreement, and subject to the limited exceptions below, the defendant knowingly and voluntarily waives the right to file any direct appeal or any collateral attack, including a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Accordingly, the defendant will not challenge his guilty plea, conviction, or sentence in any district court or appellate court proceedings.

    a. **EXCEPTIONS.** The defendant reserves the right to timely file a direct appeal challenging:

        (1) any sentence imposed in excess of the statutory maximum;

7

      (2) any sentence which constitutes an upward departure or variance from the advisory guideline range.

  The defendant also reserves the right to claim ineffective assistance of counsel in a direct appeal or § 2255 motion.

24. If the United States files a notice of appeal and such appeal is authorized by the Solicitor General, the defendant is released from the appellate waiver.

25. The defendant further reserves the right to timely move the district court for an amended sentence under 18 U.S.C. § 3582 in the event of a future retroactive amendment to the Sentencing Guidelines which would affect the sentence.

26. If the defendant receives a sentence within or below the advisory guideline range, this plea agreement shall serve as the defendant's express directive to defense counsel to timely file a Notice of Non-Appeal following sentencing, signed by the defendant.

## VIOLATION OF AGREEMENT

27. The defendant understands that if he breaches any provision of this Plea Agreement, the United States will be free from any obligations imposed by this agreement, but all provisions of the agreement remain enforceable against the defendant. In the exercise of its discretion, the United States will be free to prosecute the defendant on any charges of which it has knowledge. In such event, the defendant agrees not to assert any objections to prosecution that he might have under the Sixth Amendment and/or Speedy Trial Act.

28. In addition, if the defendant is released from detention prior to sentencing, he understands that the United States will no longer be bound by this agreement if he

violates any condition of his release prior to sentencing or prior to serving his sentence after it is imposed.

## ENTIRETY OF AGREEMENT

29. This document is the complete statement of the agreement between the defendant and the United States and may not be altered unless done so in writing and signed by all the parties.

                                                  Respectfully submitted,

                                                  SEAN P. COSTELLO
                                                  UNITED STATES ATTORNEY

Date: August 25, 2025

                                                  Justin D. Roller
                                                  Assistant United States Attorney
                                                  Deputy Chief, Criminal Division

Date: August 25, 2025                            */s/ Justin D. Kopf*
                                                  Justin D. Kopf
                                                  Assistant United States Attorney
                                                  Deputy Chief, Criminal Division

I have consulted with my counsel and fully understand all my rights with respect to the offenses charged in the Superseding Indictment pending against me. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this agreement, and I voluntarily agree to it. I hereby stipulate that the Factual Resume, incorporated herein, is true and accurate in every respect, and that had the matter proceeded to trial, the United States could have proved the same beyond a reasonable doubt.

Date: 8/25/25

x Demetrius Powell
Demetrius Dwayne Powell
Defendant

I am the attorney for the defendant. I have fully explained his rights to him with respect to the offenses charged in the Superseding Indictment in this matter. I have carefully reviewed every part of this Plea Agreement with him. To my knowledge, his decision to enter into this agreement is an informed and voluntary one. I have carefully reviewed the Factual Resume, incorporated herein, with the defendant and to my knowledge, his decision to stipulate to the facts is an informed, intelligent and voluntary one.

Date: 8/25/25

Barre C. Dumas
Attorney for Defendant

10

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED IN OPEN COURT
AUG 25 2025
CHRISTOPHER EKMAN
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 25-00072-TFM-2 |
| | ) |
| DEMETRIUS DWAYNE POWELL, | ) |
| aka MEECHIE | ) |

## FACTUAL RESUME

The defendant, **DEMETRIUS DWAYNE POWELL** ( **POWELL** ), admits the allegations of Counts One and Six of the Superseding Indictment.

## ELEMENTS OF THE OFFENSE

**POWELL** understands that in order to prove a violation of Title 21, United States Code, Section 846, as charged in Count One of the Superseding Indictment, the United States must prove:

First: two or more people in some way agreed to try to accomplish a shared and unlawful plan, the object of which was to possess with intent to distribute methamphetamine (actual); and

Second: the defendant knew the unlawful purpose of the plan and willfully joined in it.

**POWELL** further understands that in order to prove a violation of Title 18, United States Code, Section 924(c)(1)(A)(i), as charged in Count Six of the Indictment, the United States must prove:

First: the defendant committed the drug-trafficking crime charged in Count One of the Superseding Indictment; and

Second: the defendant knowingly possessed a firearm in furtherance of that crime, as charged in the Superseding Indictment.

1

## OFFENSE CONDUCT

**POWELL** admits in open court and under oath that the following statement is true and correct and constitutes evidence in this case. This statement of facts is provided solely to assist the Court in determining whether a factual basis exists for **POWELL**'s plea of guilty. The statement of facts does not contain each and every fact known to **POWELL** and to the United States concerning the defendant's involvement in the charges set forth in the plea agreement. All dates, times, amounts, and locations referenced below are approximations.

### Overview

From at least January 2024 through July 30, 2024, the exact dates being unknown, in the Southern District of Alabama, and elsewhere, **POWELL** knowingly and intentionally conspired with his codefendant named in the Superseding Indictment and with other persons, known and unknown, to knowingly and intentionally possess with intent to distribute methamphetamine (actual), a schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846. **POWELL** admits that he knew the unlawful purpose of the plan to possess with intent to distribute methamphetamine (actual) and willfully joined in it. **POWELL** further admits that the quantity of methamphetamine (actual) attributable to him in the conspiracy is more than 50 grams, and thus he is subject to the penalty provisions of Title 21, United States Code, Section 841(b)(1)(A). **POWELL** further admits that on July 30, 2024, he knowingly possessed a Ruger, model LCP II, .380 caliber pistol, serial number 380586843, in furtherance of a drug-trafficking crime for which he may be prosecuted in a court of the United States, namely, Conspiracy to Possess with Intent to Distribute Methamphetamine (Actual) in violation of Title 21, United States Code, Section 846, as alleged in Count One of the Superseding Indictment. Finally,

**POWELL** admits that the property referenced in the forfeiture notice of the Superseding Indictment and in this Factual Resume is to be forfeited to the United States.

### July 30, 2024: agents seize a large amount of drugs, several firearms, drug paraphernalia, and other evidence from POWELL and a coconspirator

On July 30, 2024, Mobile County Sheriff's Office ( MCSO ) narcotics investigators received information from a confidential source ( CS ) regarding the location of **POWELL**, who had an active felony arrest warrant from MCSO for a first-degree robbery charge. The CS informed deputies that **POWELL** was located at a residence on Louis Tillman Road in Grand Bay, Alabama. That address was the same address listed on **POWELL**'s Alabama identification card. Deputies confirmed that the warrant was active and notified MCSO's Special Operations Unit ( SOU ) of the plan to take **POWELL** into custody.

MCSO narcotics deputies and SOU members went to the residence on Louis Tillman Road to arrest **POWELL**. Upon arriving at the residence, deputies saw a trailer on the property and a large blue shed near the trailer. SOU personnel advised that they could hear movement inside the blue shed. A deputy used his vehicle's loudspeaker to announce MCSO's presence and ordered the occupants of the shed to come out. Deputies could hear people inside the shed moving around, but nobody came to the door.

While SOU members maintained a perimeter on the shed, narcotics deputies moved to the trailer. **POWELL**'s mother came out of the trailer with a small child. Two other men also came out of the trailer and were compliant with deputies.

A short time later, **POWELL** and his codefendant, Diricka Tyrese McCants ( McCants ), came out of the shed as deputies ordered them to lay down on the ground near the shed's opened door. SOU members asked a narcotics deputy to come and identify **POWELL**, since neither McCants nor **POWELL** would identify themselves. As a narcotics deputy walked near the shed,

3

he detected a strong odor of marijuana emanating from inside the shed. SOU members also informed the narcotics deputy that during a safety sweep of the shed, they noticed several clear plastic bags and a black magnetic box in plain view. MCSO secured the shed while an MCSO narcotics investigator applied for and obtained a warrant to search the shed.

At that point, while waiting for the search warrant, a narcotics deputy arrested **POWELL** for his active felony warrant and detained McCants. The deputy searched McCants s person and found a small bag containing a gram of powder cocaine in his left pants pocket.

Deputies obtained a search warrant for the shed signed by a Mobile County District Court judge and executed the warrant that same day, July 30, 2024. During the search of the shed, deputies located, among other things, the following items:

1. 809.06 grams of 100.7% pure methamphetamine (actual);
2. 41.59 grams of crack cocaine, some of which was submerged in water, indicating that it had been cooked immediately prior to McCants and **POWELL** exiting the shed;
3. 25.84 grams of cocaine;
4. opened vacuum-sealed bags containing small amounts of marijuana;
5. three loaded firearms, including (i) a Smith & Wesson, model M&P 380 Shield EZ, .380 caliber pistol, serial number RDN1718; (ii) a Ruger, model LCP II, .380 caliber pistol, serial number 380586843; and (iii) a Ruger, model 22 Charger, .22 caliber pistol, serial number 490-49104;
6. digital scales and other drug paraphernalia;
7. mail addressed to McCants and **POWELL** at the Louis Tillman Road address; and

    8.    several cell phones belonging to **POWELL** and McCants, for which agents later executed search warrants.

The drug amounts and purity listed above were confirmed by a chemist who tested the drugs at the U.S. Customs and Border Protection Laboratory in Savannah, Georgia.

A DNA analyst with the Federal Bureau of Investigation ( FBI ) Laboratory in Quantico, Virginia compared buccal swabs taken from McCants and **POWELL** to swabs of the three firearms identified above. The FBI analyst determined that there was moderate support for including McCants as a contributor to the DNA profile obtained from the Smith & Wesson .380 caliber pistol and the Ruger .22 caliber pistol, and limited support for excluding **POWELL** as a contributor to the DNA profile obtained from those firearms. The analyst further determined that there was very strong support for including **POWELL** as a contributor to the DNA profile obtained from the Ruger .380 caliber pistol and excluded McCants as a contributor to the DNA profile obtained from that firearm.

### Aug. 2024: McCants and POWELL make statements on recorded jail calls

In August 2024, McCants and **POWELL** exchanged recorded jail calls discussing the drugs seized from the shed at the Louis Tillman Road property. McCants told **POWELL** he was expecting to go to prison based on what was seized during the search warrant. **POWELL** encouraged McCants to hire a good lawyer for **POWELL**, who said, I ll do two or three, I just ain t trying to go for that long ride. McCants said, It ain t gonna be no two or three, it ll be ten years in federal prison. **POWELL** said, Ain t no sense in both of us going. Somebody gotta save somebody, bro. You already know what I got going on, bro, I m looking at 25 already. That shit carries 25, 30 years what I m looking at, bro, and I m gonna do the majority of them. I m in a fucked up position, man. This shit ain t looking good on me, man. It s a life sentence, bro.

5

McCants responded, "What you think it is for me? You'll have life in state with parole. I'll have life in the feds with no parole." POWELL said, "That'll be fucked up on my behalf when I didn't even put in but a quarter in on that shit." POWELL encouraged McCants to take the rap for the drugs due to POWELL's violent criminal history. POWELL also scolded McCants for not listening to him when he previously suggested that law enforcement had been surveilling the shed.

**Evidence from POWELL's cell phone**

As noted above, agents seized and executed federal warrants to search POWELL's OnePlus cell phone. The phone contained evidence of POWELL's involvement in drug distribution with McCants, his illegal possession of the above-referenced Ruger pistol, and his ties to the shed at the Louis Tillman Road property, including videos of him inside the shed. As one non-exhaustive example of drug-related messages in POWELL's phone, in a Facebook message, a contact messaged POWELL, "Wats reek number meet need some clear I got a lic [sic]." Reek is McCants's nickname. "Clear" is a common slang term for methamphetamine. "Lick" is a common slang term for a potential drug deal. Similarly, in a message that POWELL sent McCants on July 27, 2024—three days before the above-referenced search warrant—POWELL wrote, "Hey brother ... that man with the pills man what you going to do I know you ain't get me to bring that I have nothing and she only got $35 left." This message was about distribution of pills to a drug user.

POWELL's phone also contained search history relating to his Ruger pistol. For example, POWELL searched for "ruger lcp 2 extension," "ruger lcp 2," and "do they have bigger clips to ruger."

6

**Admission of elements, sentencing agreements, and enhanced penalties**

As part of his guilty plea in this case, **POWELL** admits that (1) two or more people in some way agreed to try to accomplish a shared and unlawful plan, the object of which was to possess with intent to distribute methamphetamine (actual); and (2) he knew the unlawful purpose of the plan and willfully joined in it. **POWELL** further admits that he (1) committed the drug-trafficking crime charged in Count One of the Superseding Indictment; and (2) knowingly possessed a Ruger, model LCP II, .380 caliber pistol, serial number 380586843, in furtherance of that crime, as charged in the Superseding Indictment.

**POWELL** further admits that he previously has been convicted of a serious violent felony as follows: on September 23, 2021, for Domestic Violence by Strangulation/Suffocation, case number CC-2021-000883, in the Circuit Court of Mobile County, Alabama; a Class B felony under Alabama law, for which the defendant served at least 12 months imprisonment. Accordingly, **POWELL** admits that he is subject to the second and subsequent penalty provisions of Title 21, United States Code, Sections 841(b)(1)(A) and 851.

AGREED TO AND SIGNED.

Respectfully submitted,

SEAN P. COSTELLO
UNITED STATES ATTORNEY

Date: August 25, 2025

Justin D. Roller
Assistant United States Attorney
Deputy Chief, Criminal Division

Date: August 25, 2025                          /s/ *Justin D. Kopf*
                                               Justin D. Kopf
                                               Assistant United States Attorney
                                               Deputy Chief, Criminal Division

Date: 8/25/25                                  X *Demetrius Powell*
                                               Demetrius Dwayne Powell
                                               Defendant

Date: 8/25/25                                  
                                               Barre C. Dumas
                                               Attorney for Defendant

8